

**U.S. Department of Justice**

*United States Attorney*
*District of Connecticut*

*Connecticut Financial Center*          *(203)821-3700*
*157 Church Street, 25th Floor*          *Fax (203) 773-5376*
*New Haven, Connecticut 06510*          *www.justice.gov/usao/ct*

October 25, 2021

Sefton Neil Brown Jr Esq,
135 Elm St
Bridgeport, CT 06604
(203)-870-4106
Sefton10@aol.com

United States District Court
District of Connecticut
FILED AT   BRIDGEPORT
10 25 2021 20
Robin D. Tabora, Clerk
By _____
Deputy Clerk

Re:   *United States v. Tyiese Warren*
      Case Nos. 3:20CR58(KAD); 3:20CR126(JBA); 3:20CR00143(KAD)

Dear Counsel:

This letter confirms the plea agreement between your client, Tyiese Warren (the "defendant"), and the United States Attorney's Office for the District of Connecticut (the "Government") in this criminal matter.

## THE PLEA AND OFFENSE

In consideration for the benefits offered under this agreement, Tyiese Warren agrees to plead guilty to Count One of the Third Superseding Indictment in Case No. 3:20CR58(KAD) charging a violation of 18 U.S.C. § 1962(d) (Racketeering Conspiracy).

The defendant understands that, to be guilty of this offense, the following essential elements must be satisfied:

1. That the defendant knowingly agreed to conduct or participate, directly or indirectly, in the conduct of the affairs of the charged enterprise through a pattern of racketeering activity;

2. That the defendant was a party to or a member of that agreement;

3. That the enterprise engaged in, or its activities affected, interstate or foreign commerce.

4. That the defendant joined the agreement or conspiracy knowing of its objective to conduct or participate, directly or indirectly, in a pattern of racketeering activity and

intending to join together with at least one other alleged coconspirator to achieve that objective.

## THE PENALTIES

### Imprisonment

This offense carries a maximum penalty of life in prison.

### Supervised Release

In addition, the Court may impose a term of supervised release of not more than five years to begin after any term of imprisonment.

### Fine

This offense carries a maximum fine of $250,000. The defendant is also subject to the alternative fine provision of 18 U.S.C. § 3571. Under this section, the maximum fine that may be imposed on the defendant is the greatest of the following amounts: (1) twice the gross gain to the defendant resulting from the offense; (2) twice the gross loss resulting from the offense; (3) $250,000.

### Special Assessment

In addition, the defendant is obligated by 18 U.S.C. § 3013 to pay a special assessment of $100 on each count of conviction. The defendant agrees to pay the special assessment to the Clerk of the Court on the day the guilty plea is accepted.

### Restitution

In addition to the other penalties provided by law, the Court must also order that the defendant make restitution under 18 U.S.C. § 3663A, and the Government reserves its right to seek restitution on behalf of victims consistent with the provisions of § 3663A. The scope and effect of the order of restitution are set forth in the attached Rider Concerning Restitution. Restitution is payable immediately unless otherwise ordered by the Court.

### Interest, penalties and fines

Unless otherwise ordered, should the Court impose a fine or restitution of more than $2,500 as part of the sentence, interest will be charged on the unpaid balance of the fine or restitution not paid within 15 days after the judgment date. 18 U.S.C. § 3612(f). Other penalties and fines may be assessed on the unpaid balance of a fine or restitution pursuant to 18 U.S.C. § 3572(h), (i) and § 3612(g).

Forfeiture

Pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), the defendant agrees to forfeit his interest in any and all property, real or personal, which constitutes or is derived from proceeds traceable to violations of 18 U.S.C. §§ 1951 and 2119, and a sum of money equal to the total amount of proceeds obtained as a result of the offenses.

Pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), the defendant agrees to forfeit his interest in the firearms involved in the commission of the offenses, including, but not limited to: (1) a Glock .40 caliber handgun, Model 23, Serial No. KZD028, with attachments and ammunition; (2) a black and purple Glock, semi-automatic, .40 caliber handgun, Serial No. BMP6864, with attachments and ammunition; (3) a black and purple Glock, Model 19, semi-automatic 9mm handgun, Serial No. BNCD043, with attachments and ammunition; (4) a black and brown Glock, semi-automatic, 9mm handgun, Model 19, Serial No. BLCH303, with attachment; and (5) a black Glock, semi-automatic, .45 caliber handgun, Model 30S, Serial No. BSMK312, together with all accessories, attachments, and ammunition.

The defendant agrees to waive all interests in the assets listed in the paragraph above (hereinafter, the "forfeitable assets"), in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. The defendant agrees to consent to the entry of orders of forfeiture for the forfeitable assets and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The defendant acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the Court to advise him of this, pursuant to Federal Rule of Criminal Procedure 11 (b)( 1 )(J), at the time his guilty plea is accepted.

The defendant agrees to hold the United States, its agents and employees harmless from any claims whatsoever in connection with the seizure or forfeiture of the above-listed assets covered by this agreement. The defendant further agrees to waive all constitutional and statutory challenges in any manner to any forfeiture carried out in accordance with this plea agreement on any grounds. The defendant also understands and agrees that by virtue of his plea of guilty he waives any rights or cause of action to claim that he is a "substantially prevailing party" for the purpose of recovery of attorney fees and other litigation costs in any related forfeiture proceeding pursuant to 28 U.S.C. § 2465(b)(1).

## THE SENTENCING GUIDELINES

### Applicability

The defendant understands that the Court is required to consider any applicable Sentencing Guidelines as well as other factors enumerated in 18 U.S.C. § 3553(a) to tailor an appropriate sentence in this case and is not bound by this plea agreement. The defendant agrees that the Sentencing Guideline determinations will be made by the Court, by a preponderance of the evidence, based upon input from the defendant, the Government, and the United States

Probation Office. The defendant further understands that he has no right to withdraw his guilty plea if his sentence or the Guideline application is other than he anticipated, including if the sentence is outside any of the ranges set forth in this agreement.

### Acceptance of Responsibility

At this time, the Government agrees to recommend that the Court reduce by two levels the defendant's adjusted offense level under § 3E1.1(a) of the Sentencing Guidelines, based on the defendant's prompt recognition and affirmative acceptance of personal responsibility for the offense. Moreover, should the defendant qualify for a decrease under § 3E1.1(a) and his offense level determined prior to the operation of subsection (a) is level 16 or greater, the Government will file a motion with the Court pursuant to § 3E1.1(b) which recommends that the Court reduce the defendant's Adjusted Offense Level by one additional level based on his prompt notification of his intention to enter a plea of guilty. The defendant understands that the Court is not obligated to accept the Government's recommendations on the reductions.

The above-listed recommendations are conditioned upon the defendant's affirmative demonstration of acceptance of responsibility, by (1) truthfully admitting the conduct comprising the offense(s) of conviction and truthfully admitting or not falsely denying any additional relevant conduct for which the defendant is accountable under § 1B1.3 of the Sentencing Guidelines, and (2) disclosing to the United States Attorney's Office and the United States Probation Office a complete and truthful financial statement detailing the defendant's financial condition. The defendant expressly authorizes the United States Attorney's Office to obtain a credit report concerning the defendant.

In addition, the Government expressly reserves the right to seek denial of the adjustment for acceptance of responsibility if the defendant engages in any acts, unknown to the Government at the time of the signing of this agreement, which (1) indicate that the defendant has not terminated or withdrawn from criminal conduct or associations (§ 3E1.1 of the Sentencing Guidelines); (2) could provide a basis for an adjustment for obstructing or impeding the administration of justice (§ 3C1.1 of the Sentencing Guidelines); or (3) constitute a violation of any condition of release. Moreover, the Government reserves the right to seek denial of the adjustment for acceptance of responsibility if the defendant seeks to withdraw his guilty plea or takes a position at sentencing, or otherwise, which, in the Government's assessment, is inconsistent with affirmative acceptance of personal responsibility. The defendant understands that he may not withdraw his plea of guilty if, for the reasons explained above, the Government does not make one or both of the recommendations or seeks denial of the adjustment for acceptance of responsibility.

### Stipulation

The parties stipulate that (1) the narcotics quantity for which the defendant is responsible, as a result of his role in the conspiracy, is at least 60 kilograms but less than 80 kilograms of converted drug weight; (2) from approximately 2014 until the present, Tyiese Warren was a member and/or associate of the Original North End or "O.N.E."; (3) that in furtherance of the O.N.E. enterprise, Mr. Warren conspired to traffic heroin, fentanyl, Percocet pills, marijuana,

cocaine base/crack cocaine, among other controlled substances; (4) on or about December 8, 2019, Mr. Warren and others shot and killed and aided and abetted in the killing of Ty'Quess Moore, a.k.a. "Breezo," a member or associate of the East End/P.T. Barnum gang alliance, in furtherance of the O.N.E. RICO Conspiracy; (5) on or about January 27, 2020, the defendant agreed with other fellow O.N.E. gang members and Greene Homes Boyz ("GHB") allies that they would retaliate against opposition gang members, Trevon Wright, a.k.a. "Tre," and Jaheim Warren, a.k.a,. "JD," by killing them in order to increase or maintain his standing within O.N.E. and aid and abet the others to increase their standing within the GHB; (6) on or about March 25, 2020, Mr. Warren robbed and aided and abetted in the robbery of the Citgo 6M Service Station and Quik Mart, located at 2000 Barnum Avenue, Stratford, Connecticut, and in so doing used a firearm; and (7) on or about March 25, 2020, Tyiese Warren carjacked a motor vehicle by force from a victim, and in so doing used a firearm.

<u>Guideline Stipulation</u>

The parties agree as follows:

The Guidelines Manual in effect on the date of sentencing is used to determine the applicable Guidelines range. Under U.S.S.G. § 2E1.1(a)(2), each underlying act of racketeering is treated as a separate count of conviction. The parties agree that the eight groups—the narcotics crime; the murder of Ty'Quess Moore; the attempted murders of Trevon Wright, Jaheim Warren, Jaffar Ali and Khalil Heard; the March 25, 2020 Hobbs Act robbery; and the March 25, 2020 carjacking must be considered in determining the Guidelines.

The eight predicate acts listed above are not groupable under U.S.S.G. § 3D1.2 and therefore require a multiple count computation under U.S.S.G. § 3D1.4. For the first group, which is the drug conspiracy (the first racketeering act), the base offense level is 19, under U.S.S.G. § 2E1.1, because the parties agree that an offense level of 19 is equal to or higher than the offense level that would be applicable pursuant to U.S.S.G. § 2E1.1.

For the second group, which is the murder of Ty'Quess Moore, the base offense level is 43 under U.S.S.G. 2A1.1.

For the third group, which is the January 27, 2020 attempt to murder Trevon Wright, the base offense level is 33 under U.S.S.G. § 2A2.1(a)(1). A further four levels are added because Mr. Wright sustained permanent or life-threatening bodily injury, pursuant to U.S.S.G. § 2A2.1(b)(1)(A), resulting in an adjusted offense level of 37.

For the fourth group, which is the attempt to murder Jaheim Warren on January 27, 2020, the base offense level is 33.

For the fifth group, which is the attempt to murder Jaffar Ali on January 27, 2020, the base offense level is 33 and a further two levels are added because Mr. Ali suffered a serious bodily injury under U.S.S.G. § 2A2.1(b)(1)(B), resulting in an adjusted offense level of 35.

For the sixth group, which is the attempt to murder Khalid Heard on January 27, 2020, the base offense level is 33 and a further two levels are added because Mr. Heard suffered a serious bodily injury under U.S.S.G. § 2A2.1(b)(1)(B), resulting in an adjusted offense level of 35.

For the seventh group, which is the March 25, 2020 Hobbs Act robbery, the base offense level is 20 and an additional six levels are added under U.S.S.G. § 2B3.1.(b)(2)(B) for a total offense level of 26.

For the eighth group, which is the March 25, 2020 carjacking, the base offense level is 20 and an additional six levels are added under U.S.S.G. § 2B3.1(b)(2)()(B) and an additional two levels under U.S.S.G. § 2B31.1(5), for a total offense level of 28.

Under U.S.S.G. § 3D1.4, there are a total of eight units on which the parties agree and unit one, four, seven and eight are not counted because they are nine or more levels less serious than unit two. Because units three, five and six are within five to eight levels less serious, they each get one half of a point. *See* U.S.S.G. § 3D1.4. One and one half units results in an increase to the total offense level of one unit—43 becomes 44.

After three points are subtracted for acceptance of responsibility, Mr. Warren's total offense level is 41.

Based on an initial assessment, the parties agree that the defendant falls within Criminal History Category II at least. The parties reserve the right to recalculate the defendant's Criminal History Category and corresponding sentencing ranges if this initial assessment proves inaccurate.

A total offense level 41, assuming a Criminal History Category II would result in a range of 360 to life imprisonment (sentencing table) and a fine range of $50,000 to $500,000, U.S.S.G. § 5E1.2(c)(3).

The Government and the defendant reserve their rights to seek a departure or a non-Guidelines sentence, and both sides reserve their right to object to a departure or a non-Guidelines sentence

The defendant understands that the Court is not bound by this agreement on the Guideline ranges specified above. The defendant further understands that he will not be permitted to withdraw the guilty plea if the Court imposes a sentence outside any of the ranges set forth in this agreement.

In the event the United States Probation Office or the Court contemplates any sentencing calculations different from those stipulated by the parties, the parties reserve the right to respond to any inquiries and make appropriate legal arguments regarding the proposed alternate calculations. Moreover, the parties reserve the right to defend any sentencing determination, even if it differs from that stipulated by the parties, in any post-sentencing proceeding.

Information to the Court

The Government reserves its right to address the Court with respect to an appropriate sentence to be imposed in this case. Moreover, the Government will discuss the facts of this case, including information regarding the defendant's background and character, 18 U.S.C. § 3661, with the United States Probation Office and will provide the Probation Officer with access to material in its file, with the exception of grand jury material.

## WAIVER OF RIGHTS

The defendant acknowledges and agrees that he is knowingly, intelligently, and voluntarily waiving the following rights:

### Waiver of Right to Proceed In Person Due to COVID-19 Public Health Emergency

The defendant understands that he has a right to be physically present in a public courtroom for a guilty plea hearing. In light of the ongoing COVID-19 health emergency, however, the defendant knowingly and voluntarily waives his right to be physically present in the courtroom for the purpose of entering a plea and consents to proceed by video teleconference (or by means of audio teleconferencing if video teleconferencing is not reasonably available). The defendant further expressly stipulates that he has consulted with his counsel regarding the above waiver and consent and wishes to proceed by means of video teleconferencing (or by means of audio teleconferencing if video conferencing is not reasonably available). The parties agree that in light of the nature of this prosecution and the interests of the defendant and the public, this proceeding cannot be further delayed without serious harm to the interests of justice.

### Waiver of Trial Rights and Consequences of Guilty Plea

The defendant understands that he has the right to be represented by an attorney at every stage of the proceeding and, if necessary, one will be appointed to represent him.

The defendant understands that he has the right to plead not guilty or to persist in that plea if it has already been made, the right to a public trial, the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against him, the right not to be compelled to incriminate himself, the right to testify and present evidence, and the right to compel the attendance of witnesses to testify in his defense. The defendant understands that by pleading guilty he waives those rights and that, if the plea of guilty is accepted by the Court, there will not be a further trial of any kind.

The defendant understands that, if he pleads guilty, the Court may ask him questions about each offense to which he pleads guilty, and if he answers those questions falsely under oath, on the record, and in the presence of counsel, his answers may later be used against him in a prosecution for perjury or making false statements.

<u>Waiver of Statute of Limitations</u>

The defendant agrees that, should the conviction following defendant's guilty plea be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this plea agreement (including any indictment or counts the Government has agreed to dismiss at sentencing pursuant to this plea agreement) may be commenced or reinstated against the defendant, notwithstanding the expiration of the statute of limitations between the signing of this plea agreement and the commencement or reinstatement of such prosecution. The defendant agrees to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date the plea agreement is signed.

<u>Waiver of Right to Challenge Conviction</u>

The defendant acknowledges that under certain circumstances he is entitled to challenge his conviction. By pleading guilty, the defendant waives his right to appeal or collaterally attack his conviction in any proceeding, including but not limited to a motion under 28 U.S.C. § 2255 and/or § 2241. In addition to any other claims he might raise, the defendant waives his right to challenge his conviction based on (1) any non-jurisdictional defects in the proceedings before entry of this plea, (2) a claim that the statute(s) to which the defendant is pleading guilty is unconstitutional, and (3) a claim that the admitted conduct does not fall within the scope of the statute. This waiver does not preclude the defendant from raising a claim of ineffective assistance of counsel in an appropriate forum.

<u>Appeal Rights Regarding Sentencing</u>

The parties reserve their respective rights to appeal and to oppose each other's appeal of the sentence imposed as permitted by 18 U.S.C. § 3742.

<u>Waiver of Challenge to Plea Based on Immigration Consequences</u>

The defendant understands that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. Under federal law, non-citizens are subject to removal for a broad range of crimes, including the offense(s) to which the defendant is pleading guilty. Likewise, if the defendant is a naturalized citizen of the United States, pleading guilty may result in denaturalization and removal. Removal, denaturalization, and other immigration consequences are the subject of a separate proceeding, however, and the defendant understands that no one, including his attorney or the district court, can predict to a certainty the effect of his conviction on his immigration status. The defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if the consequence is automatic removal from the United States.

The defendant understands that he is bound by his guilty plea regardless of the immigration consequences of the plea. Accordingly, the defendant waives any and all challenges to his guilty plea and to his sentence based on those consequences and agrees not to seek to

withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction or sentence, based on the immigration consequences of his guilty plea, conviction or sentence. This waiver does not preclude the defendant from raising a claim of ineffective assistance of counsel in the appropriate forum.

## ACKNOWLEDGMENT OF GUILT AND VOLUNTARINESS OF PLEA

The defendant acknowledges that he is entering into this agreement and is pleading guilty freely and voluntarily because he is guilty. The defendant further acknowledges that he is entering into this agreement without reliance upon any discussions between the Government and him (other than those described in the plea agreement letter), without promise of benefit of any kind (other than the concessions contained in the plea agreement letter), and without threats, force, intimidation, or coercion of any kind. The defendant further acknowledges his understanding of the nature of the offense to which he is pleading guilty, including the penalties provided by law. The defendant also acknowledges his complete satisfaction with the representation and advice received from his undersigned attorney. The defendant and his undersigned counsel are unaware of any conflict of interest concerning counsel's representation of the defendant in the case.

## SCOPE OF THE AGREEMENT

The defendant acknowledges that this agreement is limited to the undersigned parties and cannot bind any other federal authority, or any state or local authority. The defendant acknowledges that no representations have been made to him with respect to any civil or administrative consequences that may result from this plea of guilty because such matters are solely within the province and discretion of the specific administrative or governmental entity involved. Finally, the defendant acknowledges that this agreement has been reached without regard to any civil tax matters that may be pending or which may arise involving him.

## COLLATERAL CONSEQUENCES

The defendant understands that he will be adjudicated guilty of each offense to which he has pleaded guilty and will be deprived of certain rights, such as the right to hold public office, to serve on a jury, to possess firearms and ammunition, and in some states, the right to vote. Further, the defendant understands that if he is not a citizen of the United States, a plea of guilty may result in removal from the United States, denial of citizenship, and denial of admission to the United States in the future. The defendant understands that pursuant to section 203(b) of the Justice For All Act, the Federal Bureau of Prisons or the United States Probation Office will collect a DNA sample from the defendant for analysis and indexing. Finally, the defendant understands that the Government reserves the right to notify any state or federal agency by which he is licensed, or with which he does business, as well as any current or future employer of the fact of his conviction.

## SATISFACTION OF FEDERAL CRIMINAL LIABILITY; BREACH

The defendant's guilty plea, if accepted by the Court, will satisfy the federal criminal liability of the defendant in the District of Connecticut as a result of his participation in the offense conduct which forms the basis of the federal indictments against him currently pending in this District. At sentencing, the Government will move to dismiss Counts Two and Four in the Superseding Indictment in 3:20CR58(KAD), and, with regard to defendant Warren, the indictments in 3:20CR126 (JBA) and 3:20CR43(KAD) as his conduct underlying those indictments has been taken into account by this plea agreement.

The defendant understands that if, before sentencing, he violates any term or condition of this agreement, engages in any criminal activity, or fails to appear for sentencing, the Government may void all or part of this agreement. If the agreement is voided in whole or in part, the defendant will not be permitted to withdraw his guilty plea.

## NO OTHER PROMISES

The defendant acknowledges that no other promises, agreements, or conditions have been entered into other than those set forth in this plea agreement, and none will be entered into unless set forth in writing, signed by all the parties.

This letter shall be presented to the Court, in open court, and filed in this case.

Very truly yours,

LEONARD C BOYLE
ACTING UNITED STATES ATTORNEY


KAREN L. PECK
JOCELYN COURTNEY KAOUTZANIS
RAHUL KALE
PETER D. MARKLE
ASSISTANT UNITED STATES ATTORNEYS


The defendant certifies that he has read this plea agreement letter and its attachment(s) or has had it read or translated to him, that he has had ample time to discuss this agreement and its attachment(s) with counsel and that he fully understands and accepts its terms.

_____        10/25/21
TYIESE WARREN                        Date
The Defendant

I have thoroughly read, reviewed and explained this plea agreement and its attachment(s) to my client who advises me that he understands and accepts its terms.

_____        10/25/21
SEFTON BROWN, ESQ.                   Date
Attorney for the Defendant

## **RIDER CONCERNING RESTITUTION**

The Court shall order that the defendant make restitution under 18 U.S.C. § 3663A as follows:

1. If the offense resulted in damage to or loss or destruction of property of a victim of the offense:

    A.  Return the property to the owner of the property or someone designated by the owner; or

    B.  If return of the property is impossible, impracticable, or inadequate, pay an amount equal to:

    The greater of -
    (I)  the value of the property on the date of the damage, loss, or destruction; or

    (II) the value of the property on the date of sentencing, less the value as of the date the property is returned.

2. In the case of an offense resulting in bodily injury to a victim –

    A.  Pay an amount equal to the costs of necessary medical and related professional services and devices related to physical, psychiatric, and psychological care; including non-medical care and treatment rendered in accordance with a method of healing recognized by the law of the place of treatment;

    B.  Pay an amount equal to the cost of necessary physical and occupational therapy and rehabilitation; and

    C.  Reimburse the victim for income lost by such victim as a result of such offense;

3. In the case of an offense resulting in bodily injury that results in the death of the victim, pay an amount equal to the cost of necessary funeral and related services; and

4. In any case, reimburse the victim for lost income and necessary child care, transportation, and other expenses incurred during participation in the investigation or prosecution of the offense or attendance at proceedings related to the offense.

The order of restitution has the effect of a civil judgment against the defendant. In addition to the Court-ordered restitution, the Court may order that the conditions of its order of restitution be made a condition of probation or supervised release. Failure to make restitution as ordered may result in a revocation of probation, 18 U.S.C. § 3565, or a modification of the conditions of supervised release, 18 U.S.C. § 3583(e). Failure to pay restitution may also result in the defendant being held in contempt, or the defendant's re-sentencing to any sentence which might originally have been imposed by the Court. *See* 18 U.S.C. §§ 3613A, 3614.